[643 NYS2d 817]

In the Matter of ERIC T. GERBER, a Suspended Attorney.

Fourth Department, May 31, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo, for petitioner.

*Joseph E. Fahey* of counsel, Syracuse *(Wiles & Fahey),* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1987, and formerly maintained an office in Syracuse. On January 23, 1996, respondent was convicted, upon his

plea of guilty, in the United States District Court for the Northern District of New York of the crime of attempting to influence unlawfully the action of a Grand Jury, a class B misdemeanor, in violation of 18 USC § 1504. Respondent was sentenced to a one-year period of probation and was directed to pay a fine and perform community service. On March 8, 1996, respondent was suspended pursuant to Judiciary Law § 90 (4) (f) and was directed to show cause why a final order of suspension, censure or removal from office should not be entered pursuant to Judiciary Law § 90 (4) (g) (— AD2d —, 1996 NY Slip Op 02130 [4th Dept, Mar. 8, 1996]).

Respondent appeared in response to the order to show cause and argued that the suspension should be vacated. Respondent asserted that the offense was not a "serious crime" within the meaning of the statute because conviction of attempting to influence unlawfully the action of a Grand Jury requires no proof of intent and the statute may therefore be violated inadvertently and unintentionally, a fact that was conceded by the United States Attorney at the time of respondent's plea.

We reject respondent's contention that the offense does not constitute a serious crime, and we decline to vacate respondent's suspension. We note, however, that respondent's conduct in submitting incomplete and misleading business records to the Grand Jury occurred at a time when respondent was involved in an acrimonious matrimonial proceeding and did not have access to his home where essential records were kept.

Additionally, we have considered the matters in mitigation set forth by respondent, including his previously unblemished record and the remorse that respondent expressed for his misconduct. We conclude that respondent should be suspended until such time as his probation is terminated and until further order of the Court.

DENMAN, P. J., GREEN, PINE, FALLON and WESLEY, JJ., concur.

Final order of suspension entered pursuant to Judiciary Law § 90 (4) (h).